UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>FERNEY SALAS TORRES,<br><br>Defendant. | No. 18-cr-508-2 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Ferney Salas Torres, proceeding *pro se*, moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). (*See* Doc. No. 129.) For the following reasons, Defendant's motion is DENIED.

On February 4, 2019, Defendant pleaded guilty to one count of conspiracy to manufacture, distribute, and possess controlled substances on vessels subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70506, 70504(b)(2) and 21 U.S.C. § 960(b)(2)(B). (*See* Doc. No. 49 at 16–17, 42.) Defendant was apprehended by the U.S. Coast Guard while transporting approximately a metric ton of cocaine on the high seas. (*See* Doc. No. 108 ¶¶ 11–14.) At sentencing, the Court determined that Defendant's total offense level was 37. (*See* Doc. No. 109 at 26.) The Court further determined that he had three criminal history points from a prior conviction, also involving the transportation of hundreds of kilograms of cocaine on the high seas, and two additional criminal history points pursuant to U.S.S.G. § 4A1.1(d) for committing the instant offense while on supervised release for his prior federal conviction, which placed him in criminal history category III. (*See id.* at 27.) Based on these findings, the Court determined that Defendant's Guidelines range was 262 to 327 months' imprisonment. (*See id.*) The Court

ultimately sentenced Defendant to a below-Guidelines sentence of 240 months' imprisonment, to be followed by five years of supervised release.[1] (*See id.* at 58–59.) Defendant thereafter appealed his sentence, which the Second Circuit affirmed. *See United States v. Solis*, 18 F.4th 395 (2d Cir. 2021).

Four years later, in 2023, the United States Sentencing Commission adopted Amendment 821, which made several retroactive changes to the Guidelines. *See United States v. Budovsky*, No. 13-cr-368-4 (DLC), 2024 WL 1676337, at *2 (S.D.N.Y. Apr. 18, 2024). Among those changes was a revision to U.S.S.G. § 4A1.1(d), the provision under which, as noted above, Defendant received two additional criminal history points. *See id.* While the old version automatically added two points whenever a defendant committed his offense while on supervised release, the new version – now designated as section 4A1.1(e) – only applies to defendants who committed their offense while on supervised release *and* have seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). Defendant has moved for a reduction in sentence based on this amendment.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a court may grant a defendant's motion for a sentence reduction if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2). If a court finds that a defendant is eligible for such a sentence reduction, "a court may reduce the sentence after considering the applicable factors under [18 U.S.C.] § 3553(a), but may do so only

---

[1] Defendant claims in his motion that he received a "30-month increase due to his probation violation" and a "total sentence of 270 months." (Doc. No. 129 at 1.) It appears that this statement is in reference to the separate sentence that Defendant received in the Middle District of Florida as part of the revocation of his term of supervised release for his prior federal conviction. *See United States v. Torres*, No. 08-cr-47, Doc. No. 158 at 2 (M.D. Fla. June 13, 2023).

if the reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Brooks*, 891 F.3d 432, 435 (2d Cir. 2018) (internal quotation marks omitted).

The Court finds that Defendant is eligible for a sentence reduction under Amendment 821. Defendant only had three criminal history points from his prior conviction, so, under the new Guidelines, he would not have received any additional criminal history points for committing the instant offense while on supervised release. This means that Defendant would have been placed in criminal history category II, resulting in an amended Guidelines range of 235 to 293 months' imprisonment. (*See* Doc. No. 127 at 2–3.)

Nevertheless, the Court concludes that a reduction in Defendant's sentence is not warranted after consideration of the section 3553(a) factors. For starters, the Court's original sentence of 240 months is still at the low end of the amended Guidelines range. But more importantly, as the Court emphasized at sentencing, Defendant's narcotics trafficking was "an incredibly serious crime." (Doc. No. 109 at 54.) The Court noted that Defendant's efforts to import ton-loads of cocaine "ha[d] a profound impact on individuals and famil[ies] and communities here in [the United States] and also across the hemispher[e], including [in] Colombia, both from the use and abuse of that drug, from overdoses and addiction, [as well as] from the criminal conduct associated with this type of crime [which] leads to corruption and . . . violence." (*Id.*) The Court further observed that Defendant had not acknowledged his own culpability and instead "view[ed] [himself] as a victim, a passive agent" in this large-scale drug-trafficking conspiracy. (*Id.* at 57.) Additionally, the Court stressed that "[w]hat makes [Defendant's crime] more outrageous is that this . . . happened after a prior conviction [and] a 10-year sentence for the same crime." (*Id.* at 54.) The Court therefore

concluded that a twenty-year sentence was sufficient but not greater than necessary to "provide a just punishment," "reflect [Defendant's] culpability," and "reflect the fact that [he] had previously an opportunity to turn [his] life around and didn't." (*Id.* at 58.) The Court also concluded that a twenty-year sentence would promote both specific and general deterrence because Defendant was "not deterred by a [previous] 10-year sentence" and "others would not be deterred if they saw [that] people who engaged in [such drug trafficking] multiple times" still received "relatively light sentences." (*Id.* at 58–59.) For all these reasons, the Court is convinced that the sentence originally imposed remains necessary to reflect the seriousness of Defendant's offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence under section 3553(a).

Accordingly, Defendant's motion for a reduction in sentence is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 129 and to mail a copy of this Order to Defendant at the facility where he currently resides.

SO ORDERED.

Dated:   March 3, 2025
         New York, New York

                                                    _____
                                                    RICHARD J. SULLIVAN
                                                    UNITED STATES CIRCUIT JUDGE
                                                    Sitting by Designation